**Praveen Lata KUMAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76574.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 22, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Praveen Lata Kumar, Pasadena, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margot L. Nadel, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Praveen Kumar, a native and citizen of India, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review for substantial evidence the IJ's determination of eligibility for asylum. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The IJ's determination that Kumar has not established eligibility for asylum is supported by substantial evidence, in that Kumar did not show that he or his family were or would be targeted on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42)(A). Kumar testified that his father was assaulted and threatened because of his factual reporting on "criminal elements" in their village, and the record does not compel the conclusion that the assailants were motivated, even in part, by political or religious animosity. *Cf. Zayas–Marini v. INS,* 785 F.2d 801, 806 (9th Cir.1986) (finding no nexus to a protected ground where applicant had previously accused his attackers of embezzlement and engaged one in a fistfight).

As Kumar is not eligible for asylum, it necessarily follows he is ineligible for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Kumar is not entitled to protection under CAT because the IJ's determination that Kumar had not shown it was more likely than not he would be tortured upon returning to Gujarat was supported by substantial evidence. *See* 8 CFR § 1208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.